IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GENISE EVANS, ) No. _____
DORIS GOODNER, )
CHRISTOPHER WASHINGTON, ) Judge_____
TENISHA BUCKLEY, )
PHYLLIS PETERS, AND ) Jury Demand
MARCUS BROWN )
)
PLAINTIFFS, )
)
V. )
)
GUEST HOUSE INN & SUITES, )
GUEST HOUSE HOTEL GROUP )
)
DEFENDANTS. )

## COMPLAINT

Comes the Plaintiffs and would sue Defendants for violations of Title VII and Section 1981 of the Civil Rights Act as follows:

## PARTIES AND JURISDICTION

1. Genise Evans is a citizen and resident of Nashville, Tennessee who at all times relevant to this Complaint was employed by the Defendant at the Guest House Suites at 2420 Music Valley Drive, Nashville, TN 37214.

2. Doris Goodner is a citizen and resident of Nashville, Tennessee who at all times relevant to this Complaint was employed by the Defendant at the Guest House Suites at 2420 Music Valley Drive, Nashville, TN 37214.

1

3. Marcus Brown is a citizen and resident of Nashville, Tennessee who at all times relevant to this Complaint was employed by the Defendant at the Guest House Suites at 2420 Music Valley Drive, Nashville, TN 37214.

4. Tenisha Buckley is a citizen and resident of Nashville, Tennessee who at all times relevant to this Complaint was employed by the Defendant at the Guest House Suites at 2420 Music Valley Drive, Nashville, TN 37214.

5. Phyllis Peters is a citizen and resident of Nashville, Tennessee who at all times relevant to this Complaint was employed by the Defendant at the Guest House Suites at 2420 Music Valley Drive, Nashville, TN 37214.

6. Defendants own and manage hotels operating within in this jurisdiction, including the one located at 2420 Music Valley Drive, Nashville, TN 37214. The conduct complained of herein occurred at the Guest House Suites located at 2420 Music Valley Drive, Nashville, TN 37214. This hotel is located in Davidson County Tennessee.

7. At all times relevant to this litigation the Defendant was and is an employer as defined by Title VII and Section 1981.

8. This case is properly before this Court, which has jurisdiction under 28 U.S.C. §§ 1331. Venue is proper under 28 U.S.C. § 1391.

9. Plaintiffs Evans and Goodner have met all conditions precedent to the filing of this Complaint under the charges asserted herein under Title VII, and also assert claims under Section 1981. The remaining Plaintiffs assert claims solely under Section 1981.

10. Defendant's conduct has harmed and caused damage to Plaintiffs.

11. Defendant acted, and failed to act, intentionally and with malice or with reckless indifference to Plaintiffs rights.

2

12. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief (including back pay, front pay, punitive damages, attorney's fees, pre-judgment interests) are sought pursuant to the Title VII and Section 1981.

## FACTS

13. All of the Plaintiffs are African-American.

14. All of the Plaintiffs, while working for the Defendant were managed by a white manager named Judy (last name not definitively known).

15. None of the Plaintiffs are presently employed by Guest House. Each Plaintiff is no longer employed with Defendant as a result of the incidents described in the subsequent paragraphs via either unlawful termination or constructive discharge.

16. Judy (white female) was the direct supervisor of each of the Plaintiffs. Judy was responsible for the supervision and management of Guest House Suites during the relevant time period.

17. A woman named Michelle (last name not definitively known) was the General Manager of Guest House during the relevant time period. A white female named Jennifer (last name unknown) was an assistant manager/supervisor who is aware of the facts and circumstances of discrimination against the black housekeepers and other staff at Guest House Suites during the relevant time period by Judy and other agents.

18. Judy, on a persistent and regular basis, used racially derogatory comments and inappropriate, stereotypical terms about African-Americans toward and/or in the presence of Plaintiffs and others. Examples of some of the comments, although not an exhaustive list include the following:

   a. On multiple occasions, Judy expressly used and directed the word "nigger" at several black employees, including Plaintiffs. Plaintiffs and other black employees regularly

3

discussed their manager's offensive use of this derogatory language during their employment and prior to the initiation of this litigation.

b. On multiple occasions, Judy used of the word "nigger" in directing black employees to perform job duties that she labeled as "slave labor."

c. On multiple occasions, Judy told black employees (and Jennifer) that she wished she could remove all the blacks from the staff and hire all Mexicans because "the Mexicans will outwork the blacks."

d. On multiple occasions, Judy stated that she only hired blacks "because they needed to fill the staff and couldn't get enough Mexicans and white people [to perform the slave labor]."

e. On multiple occasions, Judy told black employees that they were restricted from eating lunch together in groups because they looked like "gangbangers" and "thugs" to the hotel guest and herself, while other employees of different races were allowed to eat lunch and take breaks in groups. Judy told blacks that they needed to stagger their breaks and lunches, while other employees of other races were allowed to take group breaks and lunches.

f. On multiple occasions, Judy told black employees (and Jennifer) that she wishes she could hire a "bus load of Mexicans."

g. Judy told white assistant manager Jennifer that "if I could hire all Spanish people, that is what I would do," which Jennifer certain Plaintiffs.

h. On multiple occasions, Judy told black employees that they were not allowed to use certain restrooms within the hotel, while other employees of different races were allowed to utilize all available restrooms.

4

i. On multiple occasions, Judy told black employees that they would not be given certain supplies in the performance of their duties. Black employees were told that they had to perform their "slave labor" with work supplies (cleaning tools) that were insufficient to adequately perform their job duties efficiently.

j. On multiple occasions, Judy commented that blacks in housekeeping needed to remain out of the hotel lobby area. Judy told blacks that they were required to remain "out of sight and out of mind" from the hotel guests, while employees of other races were not given similar instruction.

19. Judy also, on a persistent and regular basis, showed favoritism in the work load and job assignments to non-black employees to the detriment of African-American employees. Examples of this behavior, although not an exhaustive list, include the following:

a. Restricted the use of restrooms for black employees to the least desirable and least accessible restrooms, while non-black employees were not given similar restroom restrictions.

b. Required African-American housekeepers to clean more rooms and/or more difficult rooms [using inadequate cleaning supplies and tools], while employees of other races were assigned to clean less difficult rooms with better cleaning supplies and tools.

c. Judy would steal tip money that was left for black employees from the rooms, while she did not do the same for tips left for non-black employees.

d. Restricted black employees from eating and congregating in groups at lunch and on breaks, while non-black employees were not given similar restrictions. Employees of other races were allowed unrestricted privileges to congregate in groups during lunch and on breaks.

5

e. Restricted black employees from being present in the hotel lobby or other areas where guests were regularly present, while non-black employees were not given similar restrictions. Employees of other races were allowed unrestricted access to the hotel lobby and other areas where guests were regularly present.

f. Gave non-black employees more favorable work schedules and assignments as compared to black employees. Black employees were forced to use cleaning materials that were insufficient and inefficient to perform their job duties, while non-black employees were given necessary supplies needed in the performance of their job duties.

g. Required black employees to go back and redo rooms not cleaned to Judy's satisfaction while treating non-black employees differently, and having the black employees redo the rooms when non-black employees failed to satisfactorily clean the rooms.

h. When black employees would do things that Judy wanted to take issue, they were immediately terminated or severely reprimanded. However, when non-black employees engaged in similar or more severe acts (such as missing work, showing up late, or insufficient job performance, etc.), they would not suffer similar consequences as blacks.

20. Black employees, including Plaintiffs, regularly shared and discussed among themselves the incidents of discrimination, harassment, and hostility that was being targeted at them as a group and as individuals by Judy and other agents of Defendant.

21. After several black employees, including Plaintiffs complained about Judy's behavior on multiple occasions to her, Jennifer, and General Manager Michelle – which included the submission of a formal petition objecting to the continued discriminatory and hostile treatment – the mistreatment of black employees at Guest House further nosedived. Shortly thereafter,

6

Judy grew even more hostile in daily interactions, restricted additional employment privileges to blacks, and stated that her acts were motivated at blacks who "went against her." Judy and other agents went on a wave of terminating black employees and/or elevating racially hostile adverse acts against blacks. Under this elevated hostility, many black employees were terminated and others were constructively discharged (including Plaintiff Goodner).

22. Judy's comments and conduct was objectively offensive and existed throughout the employment of each Plaintiff. Plaintiffs were subjectively offended by the objectively offensive conduct and comments they were subjected to at work.

23. The offensive comments and conduct affected the Plaintiffs ability to work in an environment free from racially abusive behavior.

24. Each of the Plaintiffs were wrongfully terminated or constructively discharged from employment with Defendant under the direction of Judy. The aforementioned actions were harmful to Plaintiffs and all asserted grounds for the adverse actions against them were a pretext for discrimination. Any claimed justification for the adverse actions suffered by Plaintiffs (as well as other blacks during this time period) is false and a pretext for discrimination and retaliation.

## CAUSES OF ACTION

25. Plaintiffs sue for a hostile work environment, discrimination in employment, and for retaliation after they attempted to stop the abusive and discriminatory behavior. These three causes of action are authorized under Title VII and Section 1981.

## DAMAGES

26. Plaintiff sues for all damages available under Title VII and Section 1981, including but not limited to damages for embarrassment, humiliation, emotional injury and medical expenses if

7

Case 3:15-cv-00956   Document 1   Filed 09/04/15   Page 7 of 8 PageID #: 7

any, lost wages past and future, attorneys' fees and other damages authorized by statute and case law.

**WHEREFORE PREMISES CONSIDERED PLAINTIFFS PRAY:**

27. That process issue and this lawsuit be served upon the Defendant.

28. That after the discovery process, this case be heard on the merits.

29. That Plaintiffs be awarded economic damages in the amount of $400,000 per Plaintiff.

30. That the Plaintiffs be awarded their attorney's fees, discretionary costs, and court costs.

31. That the Plaintiffs be awarded any further relief including equitable relief that the Court deems appropriate.

32. Plaintiffs hereby demand a jury trial in this action.

Respectfully submitted,

*[signature]*

Brian C. Winfrey (BPR No. 025766)
The Winfrey Firm
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615) 724-0844

Attorney for Plaintiffs